## Richmond

EVELYN B. BARKMAN v. PAUL L. CHEVALIER.

June 11, 1973.

Record No. 8124.

Present, Snead, C.J., I'Anson, Carrico, Cochran, Harman and Poff, JJ.

*Ralph W. Buxton* (*Greene, Buxton & Poindexter*, on brief), for plaintiff in error.

*R. Carter Scott, III* (*Browder, Russell, Little & Morris*, on brief), for defendant in error.

Per Curiam.

Evelyn B. Barkman, plaintiff, filed a motion for judgment against Paul L. Chevalier, defendant, in the Law and Equity Court of the City of Richmond seeking a recovery for alleged personal injury and property damages that resulted from unauthorized dental work which defendant, a dentist, had performed upon her. Defendant filed a plea of res judicata and estoppel by judgment. The trial court sustained the plea and dismissed the action. In so doing, the trial court found that Mrs. Barkman had asserted a counter-claim against Chevalier in a prior proceeding in the Henrico County Court instituted by him to recover for professional services rendered and that, as a condition to entering judgment in favor of Chevalier, it had

been necessary for the county court to deny the claim asserted in Mrs. Barkman's counterclaim.

The record shows that Dr. Chevalier performed professional services on Mrs. Barkman in 1969. Prior to December 24, 1970, Dr. Chevalier had caused a civil warrant to be issued against Mrs. Barkman and Erik Barkman, her husband, in Henrico County Court for $585 due for professional services rendered Mrs. Barkman. A default judgment was entered for Dr. Chevalier but was later vacated for cause. A new trial was granted, and the court ordered grounds of defense to be filed.

Without assistance of counsel, the Barkmans filed a pleading styled "Response to Bill of Particulars" in which they made "allegations, statements and counterclaims" against Dr. Chevalier for malpractice. In it the Barkmans asserted that the claim of Dr. Chevalier was not "an honest and just debt." They affirmatively asked for judgment against Dr. Chevalier in the "sum of $2,500-$3,000 constituting the estimated cost for corrective dental services by another dentist to save Mrs. Barkman's teeth." At the conclusion of the trial on December 24, 1970, the county court judge made no notation on the Barkmans' pleading or elsewhere concerning it but entered judgment on the face of the warrant in favor of Dr. Chevalier for $565. No appeal was taken, and the judgment became final.

Mrs. Barkman contends that she did not "assert a counter-claim" which was recognized and ruled on by the Henrico County Court and that therefore one of the necessary elements of the doctrine of res judicata is absent. She says that neither the county court record nor the extrinsic evidence of that proceeding showed that the county court ruled on the "Response to Bill of Particulars" as a counterclaim.

Mrs. Barkman points out that Code § 16.1-94 requires the judge of a court not of record to enter a notation of judgment somewhere in the record, and that no notation was made concerning the "Response" pleading. However, Code § 16.1-94 is procedural only. It is designed to allow a court not of record to enter an informal order on the face of the pleadings in disposing of cases. Such an informal order was entered on the civil warrant which was before the county court, showing judgment in favor of Dr. Chevalier, which may have been intended by the court to be an adverse ruling on the Barkman counterclaim. So the lack of a specific notation concerning the "Response" pleading is not conclusive of the question whether the counterclaim was recognized and ruled on by the county court.

At the trial in the court below, counsel who represented Dr. Chevalier in the original suit on the open account testified that after the Barkmans had testified concerning their case, the county court sustained Dr. Chevalier's motion to strike the Barkmans' evidence as it related to their claims of "malpractice" and then entered judgment for Dr. Chevalier on his original claim. Erik Barkman denied that any ruling was made by the county court on claims presented in the "Response to Bill of Particulars" but admitted that the pleading was followed "in some degree" in the presentation of the case.

Whether the record and the extrinsic evidence of the county court proceeding showed that the identical question was in issue and determined by the county court was a question of fact for the trial court to decide. In our view, the evidence adduced justified a finding that the county court recognized and ruled in favor of Dr. Chevalier upon the same issues raised in Mrs. Barkman's motion for judgment. Hence, the trial court did not err in sustaining the plea of res judicata and estoppel by judgment. *Saba Apartments* v. *Lang*, 213 Va. 473, 193 S.E.2d 799 (1973).

The judgment appealed from will be affirmed.

*Affirmed.*