Craig T. SMITH

v.

Edward H. McDANIEL a/k/a Wahoo McDaniel.

Civ. No. C79–1591A.

United States District Court, N. D. Georgia, Atlanta Division.

May 23, 1980.

Wayne Cardon and Steven Margolin, Atlanta, Ga., for plaintiff.

F. Glenn Moffett, Jr. and L. Prentice Eager, III, Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

■ The plaintiff Craig Smith commenced this diversity action to domesticate an unsatisfied default judgment for $2,000.00 in compensatory damages and $10,000.00 in punitive damages entered against the defendant Edward McDaniel on May 8, 1979, in the Circuit Court of the City of Norfolk, Virginia, on the plaintiff's tort claim for personal injuries arising out of a scuffle at a professional wrestling match. The defendant answered challenging the validity of this foreign judgment and counterclaimed for $500.00 actual damages and $100,000.00 punitive damages arising out of the plaintiff's alleged unprovoked and violent assault upon the defendant during this same altercation. The plaintiff now moves that summary judgment be entered in his favor in the amount of $12,000.00, plus interest, costs, and attorney's fees, and against the defendant's counterclaim. In support of his motion the plaintiff has filed a certified copy of the judgment entered in the Circuit Court of the City of Norfolk, Virginia.

The defendant challenges the validity of this judgment on several grounds, but the court does not believe that any of these alleged errors can serve as a basis for collaterally attacking this state court judgment. The full faith and credit clause, and its federal counterpart, 28 U.S.C.A. § 1738, narrowly circumscribe the range of defenses that can be raised in federal court in a suit on a final state court judgment. See Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). The defendant does not question the Virginia court's power to render a personal judgment in this action, but he does contend that he did not receive prior notice of the trial date, hence the default judgment. The crux of his argument is that contrary to the clear instructions set forth in rule 2(1) of the Circuit Court of the City of Norfolk, the clerk set this case for trial without first requiring that a praecipe be served on opposing counsel and filed with the court.

If it was true that the defendant was not given notice of the proceeding and therefore was denied a fair opportunity to defend these charges, then the court might not be inclined to give effect to this foreign judgment. The defendant's attorney in the Virginia suit, Alan Mirman, however, states in his affidavit filed in support of the plaintiff's motion for summary judgment that he received notice of the trial date and passed this information on by letter to the defendant, who had left the state and had not returned since the night of his confrontation with the plaintiff. The defendant does not claim by affidavit or otherwise that his attorney was not authorized to enter appearances on his behalf or that he did not receive the letters mailed by his attorney prior to the trial date; however, he does move that this affidavit be stricken as a violation of his attorney/client privilege and because the affiant is not competent to testify to proper procedure in Virginia.[1]

The court agrees with the defendant that the affidavit contains some legal conclusions which the affiant is not competent to offer, but he may testify about the events leading up to the default judgment against his client without usurping the court's exclusive authority to decide issues of law and without disclosing any professional communications intended to remain confidential. Accordingly, the court denies the defendant's motion to strike his former attorney's affidavit insofar as the motion bears upon this question of actual notice. On the basis of this affidavit and the record in the Virginia action, the court concludes that the defendant was given sufficient notice of the proceedings against him and an opportunity to contest the plaintiff's charges, which he chose to forego, and that, therefore, this Virginia judgment should be accorded full force and effect in this jurisdiction.

---

1. The defendant also moves to strike the plaintiff's affidavit, but since the court does not intend to rely upon this affidavit in ruling upon the plaintiff's motion for summary judgment, the motion is denied.

■ The court, however, cannot give this judgment any greater a conclusive effect than it would have in Virginia. *See Neale v. Goldberg*, 525 F.2d 332 (9th Cir. 1975) (per curiam); *Clyde v. Hodge*, 413 F.2d 48 (3d Cir. 1969). The plaintiff also argues that summary judgment should be entered in his favor on the defendant's counterclaim because this claim arises out of the same transaction or occurrence forming the basis for the Virginia judgment and, therefore, the defendant's failure to present his claim earlier precludes his doing so now. In support of this argument the plaintiff refers to the compulsory counterclaim standards set forth in rule 13 of the Federal Rules of Civil Procedure and § 13 of the Civil Practice Act, Ga.Code Ann. § 81A–113. *See Chapman v. Aetna Finance Co.*, 615 F.2d 361 (5th Cir. 1980); *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357 (5th Cir. 1979).

The defendant, on the other hand, insists, and the court agrees, that the rule of decision governing this issue should be derived from Virginia law, which treats all counterclaims, whether related to the plaintiff's claim or not, as permissive. Va.Sup.Ct.R. 3:8; *see Barkman v. Chevalier*, 214 Va. 6, 196 S.E.2d 911 (1973). A defendant who fails to assert a related counterclaim in a suit brought to final judgment, however, still runs some risk in Virginia of having his claim barred later, which is precisely what the defendant has let happen here. One of the bases for the Virginia judgment was the finding that the defendant, a professional wrestler, assaulted the plaintiff, a spectator at the wrestling match, as the defendant entered the ring. The defendant now counterclaims for $500.00 in actual damages and $100,000.00 in punitive damages, alleging that the plaintiff assaulted him as he was entering the ring. Whether this allegation is construed as a claim that the defendant struck the plaintiff in self defense or simply as a closely related claim bottomed upon virtually the same facts as the plaintiff's, it is so inextricably intertwined with the facts supporting the Virginia judgment that it cannot be asserted here without threatening to undermine the Virginia court's decision and without thwarting the policy of repose manifest in the doctrines of res judicata and estoppel by judgment. *See Cleckner v. Republic Van & Storage Co.*, 556 F.2d 766 (5th Cir. 1977); *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974); *Kemp v. Miller*, 166 Va. 661, 186 S.E. 99 (1936). Accordingly, the court hereby grants the plaintiff's motion for summary judgment and denies the defendant's motions to strike the affidavits of the plaintiff and of Alan Mirman. The clerk is directed to enter judgment in favor of the plaintiff for $13,009.97 and on the defendant's counterclaim.