## CIRCUIT COURT OF FREDERICK COUNTY

Swimley

v.

Lamp

November 10, 1980

Case No. (Law) 3700

By JUDGE ROBERT K. WOLTZ

It is necessary to decide two propositions in this case. The first is whether the appeal of this case from the General District Court was perfected timely so as to give this Court jurisdiction over the matter. The second is a necessary subsidiary to resolving the first one and is whether or not evidence *aliunde* the papers transmitted by the General District Court to this Court under the provisions of § 16.1-112 may be heard in determining whether or not timely appeal was taken.

As to the second proposition, it is my opinion that such evidence *aliunde* can be heard and considered. Based on that evidence, it is further my opinion that the appeal was not perfected timely. As a result of these decisions, a third proposition, whether the putative appellant's appeal brings along with it an appeal of the counterclaim filed in the lower court by the defendant-putative appellee, need not be resolved. (In letter opinion of October 6, 1980, in *Boyce* v. *Athey*, Law No. 3678, this Court decided that the appeal of a case by a plaintiff who received an adverse judgment in the General District Court acts to bring on with it on appeal the counterclaim of the defendant in the lower court, except in unusual

circumstances, e.g., *K-B Corp.* v. *Gallagher*, 218 Va. 381 (1977).)

The plaintiff sued the defendant in the General District Court for damages resulting from an automobile accident. The defendant counterclaimed for property damage growing out of the same accident. The case was heard in that court October 4, 1979. In connection with the defendant's motion in this Court to dismiss for lack of jurisdiction because of untimely appeal, the following evidence was considered: the papers transmitted by the General District Court to this Court in pursuance of Section 16.1-112, together with any endorsements and notations made thereon, accounting records of that court and the parol evidence of the Chief Clerk and a Deputy Clerk of that court. The plaintiff objected to introduction of the latter two categories of evidence.

The civil warrant bears the notation: "Appealed (*sic*) noted 10-10-79," and under it a further notation that writ tax and costs had been paid direct to the Circuit Court Clerk and that a numbered check for the appeal bond money dated October 31, 1979, had been transmitted to the Clerk. There is also a form appeal bond executed in the name of the plaintiff by his attorney dated October 10, 1979. If there were nothing further to consider, then the plaintiff would have complied with the requirement to note appeal and post bond within ten days of judgment, as required by Section 16.1-106 and § 16.1-107, and would have paid the necessary writ tax and costs within thirty days of judgment, as required by § 16.1-107. On that basis, the appeal would have been properly perfected and this Court would have jurisdiction.

The other evidence contradicts the *prima facie* showing of posting appeal bond within ten days from judgment. The Deputy Clerk testified that on October 10, 1979, she did make notation of appeal on the warrant as a result of a phone call from the plaintiff's attorney's office and that day typed up the appeal bond form dated that day. Typing the appeal bond and dating it on receiving information that appeal was to be noted apparently was common practice so that the bond form would be ready and waiting for execution when the appeal bond money was brought in.

However, it was the testimony of this witness that she oversaw the execution of the bond and took payment of the appeal bond money, and that neither of these oc-

curred until October 19, which is well beyond the deadline date for perfecting the appeal. Corroborating this testimony is a receipt in the case for the appeal bond money which is dated October 19, 1979, and the testimony was that such receipts are not issued until the money has actually been received. In addition, a ledger sheet kept for the sole purpose of accounting for bond monies carries an entry for receipt of bond money in this case as of October 19. Based on the evidence, therefore, the defendant did not meet the statutory requirements to perfect his appeal to this Court.

The right to appeal from that court to this Court is statutory, and if the procedural steps required as prerequisites by the statute are not met this Court lacks jurisdiction in the case. *Brooks* v. *Epperson*, 164 Va. 37 (1935); *Covington Virginian* v. *Woods*, 182 Va. 538 (1944). Consequently, based on the evidence considered the appeal was not perfected as required by statute, and this Court has no jurisdiction to consider the case.

The next question is whether the Court can properly consider the evidence objected to by the plaintiff as a basis for making the jurisdictional finding.

A General District Court is a "court not of record" by statutory definition, § 16.1-69.5(a) and (b). Because of the greater formality attendant upon the proceedings in Circuit Courts and in particular the recordation of orders, judgments and decrees, there is considerable difference in the treatment of records of those Courts and the records of a court not of record. It is a principle of "unbending application" that an order of a Circuit Court "is an absolute verity, and it is not subject to collateral attack." *Kibert* v. *Commonwealth*, 216 Va. 660 (1976).

I have found no authority nor has any been cited which accords the same dignity to proceedings in a court not of record. In any event, the only matters in these papers emanating from the Judge of the court are his notation on the warrant of the judgment rendered in the case and his notation on a separate paper dated November 1, 1979, that appeal was noted to this Court. The endorsement on the bond that appeal had been noted October 10 was merely an administrative or clerical notation and one not of such dignity as will bar collateral attack. The dating of the appeal bond has been shown likewise to be merely a convenient clerical procedure. The testimony

of the Clerks of that court, together with the accounting records of it, discredit the fact that the appeal was perfected by posting bond timely and establish by a very heavy preponderance, if not conclusively, that the bond was untimely posted.

In addition, *Barkman* v. *Chevalier*, 214 Va. 6 (1973), is authority for the fact that not only the record but extrinsic evidence may be considered in determining what the proceedings in a court not of record were. There parol was admissible to show what steps and rulings or lack of rulings occurred in such a court. My opinion is not to the effect that any and all acts of a court not of record are subject to re-examination through the use of evidence extraneous to the papers of a case decided in such court. This opinion does hold, however, that under the circumstances of this case such evidence is admissible to show the true state of the procedures which occurred in that court.

The evidence considered being admissible and that evidence showing a failure on the part of plaintiff to perfect his appeal as required by statute, and such statutory prerequisites not being met and they being jurisdictional, my conclusion is that this Court does not have jurisdiction to proceed to try this action. Judgment to that effect will enter, and as a consequence the judgment of the General District Court is left to stand as a final judgment.