## CIRCUIT COURT OF THE CITY OF WINCHESTER

Lake Holiday Country Club, Inc.

v.

Jay Morton

Case No. (Law) 82-L-34

By JUDGE HENRY H. WHITING

June 8, 1982

In this case the defendant has appealed a denial of a motion for a new trial made before the General District Court of the City of Winchester. In a pre-trial conference he contended that he is entitled to a trial "*de novo*" on *all issues*, relying primarily upon Virginia Code § 16.1-114. On the other hand, the defendant contends that since this appeal is from the denial of a new trial under the provisions of Virginia Code § 16.1-97 the Court must first decide whether a new trial should have been granted, and if it decides to the contrary that ends the controversy; if it decides that it should have been granted, then the matter should be remanded to the General District Court for trial on the merits or, if not, then this Court should proceed to hear the matter on the merits in a separate subsequent hearing.

The issues raised require a construction of the following Virginia Code sections:

(1) § 16.1-97, providing for a new trial in the

General District Court if sought[1] within thirty days "from any judgment."

    (2) § 16.1-106, granting an appeal of right "if taken within ten days after [any] order entered or judgment [rendered in the general district court]."

    (3) § 16.1-113, specifying that "every such appeal shall be tried by the [circuit] court in a summary way [and] all legal evidence produced by either party shall be heard, whether the same was produced or not before the court from which the appeal is taken" and, finally,

    (4) § 16.1-114, precluding remand or dismissal for any defective pleading, irregularity or omission in the proceedings with full power to enter orders and direct such proceedings as will promote substantial justice and bring about a trial on the merits of the controversy.

    Counsel have cited no cases on point, and the Court has been unable to find any. It is assumed that the legislature intended all these statutes to be construed harmoniously, § 41, Statutes, 17 Michie's Jurisprudence, page 325, and a construction creating a conflict between two of them and nullifying one of them should be avoided. *Kirkpatrick* v. *Board of Supervisors*, 146 Va. 113, 125 (1926). While general authority is agreed that appeals to the Circuit Court from the General District Court are "trials *de novo*," Berry, *supra*, at pages 73-74, the construction sought by appellant would nullify the provisions of Virginia Code § 16.1-106 requiring an appeal "if taken within ten days after such judgment" and, in effect, create a thirty-day time for appeal, in conflict with the ten-day limitation. Moreover, the only ruling which is or could be appealed in this case is the denial of the motion for a new trial not the granting of the judgment against the defendant for non-appearance, the ten-day appeal period having passed.

    It is, therefore, the opinion of this Court that it must first review the alleged abuse of discretion of the General District Court in failing to grant a new trial; if this Court should conclude that it did not abuse its discretion, this would end the matter.

---

[1] The statute does not list the grounds required to be established to obtain a new trial but we must assume they are those required to be established at common law. Section 100, Berry, Civil Practice in Municipal and County Courts, pages 66-67.

On the other hand, if the Court decides that the General District Court should have granted a new trial then the Court believes the requirements of liberality of construction and a speedy ending to the controversy in § 16.1-114 require a trial by this Court on the merits.

### August 21, 1984

This matter is before the Court on the several motions of the defendant attacking the validity of a default judgment obtained against him in the General District Court. The Court has already ruled by its opinion letter dated June 8, 1982, that the defendant was not entitled to a trial *de novo* unless he could show an abuse of discretion by the General District Court in failing to grant a new trial on the defendant's motion made within the requisite thirty-day period.

The defendant now asserts that the General District Court judgment is a nullity for several reasons which will be disposed of in this letter.

(1) *Service of process was not proper.*

The Court need not decide this because the defendant has waived any defective service by submitting to the jurisdiction of the Court in (a) moving for a continuance and (b) filing a denial of the claim. *Burks Pleading & Practice*, Section 47, page 100 (4th ed. Boyd 1952); 2 *Michie's Jurisprudence*, Appearances, Section 14; *Davis Bakery v. Dozier*, 139 Va. 628 (1924); Virginia Code Sections 8.01-276, 8.01-277.

(2) *The General District Judge has not
actually entered a judgment.*

The only thing which might be construed as a judgment is a notation on the face of the warrant, "J for P DGS." The General District Judge did not fill out the blank provided for which would expressly set forth that there was judgment rendered for the plaintiff, but the Court is of the opinion that this informal notice clearly means there was a judgment for the plaintiff and is in sufficient conformity with the requirement of Virginia Code Section 16.1-94 that the judge "shall initial a notation of the judgment made on the warrant or other paper." Parentheti-

cally it should be noted that there is no notation this Court can find on the warrant indicating the denial of a motion for a new trial signed by the substitute General District Judge. There is a notation in someone's handwriting, "Motion denied - appealed" but no signature or initials of any judge. The case of *Barkman* v. *Chevalier*, 214 Va. 6 (1973), is not quite in point but does indicate that the Code requirement for the entry of a notation of judgment in the record is procedural only and the Court believes that this informal notation is sufficient to constitute a valid judgment for the plaintiff for the amount sued for in the warrant.

A further contention is made that there was no date shown on the warrant for the judgment. However, the Court believes that a fair reading of the entire document, coupled with the other papers in the case, show that the date of judgment may fairly be taken as January 28, 1982. That date is shown on the warrant as the trial date, the original date of December 3, 1981, being stricken and the date of the 17th inserted above it. This is all in conformity with the defendant's "Answer" filed December 14, 1981, denying knowledge of the claim, suggesting it is captious and spurious and asking for a continuance, as well as suggesting that the service of process was invalid. While the warrant would indicate that the judgment would have been entered on December 17, the other documents in the file show that the trial was continued, notice thereof given to the defendant and that the default judgment was entered on January 28, 1982. Although irregular the failure to note the date on the face of the warrant is a procedural and not a jurisdictional error, and if the date can be ascertained from other documents in the case, as it can in this case, this defect does not affect the validity of the judgment.

> (3) *The default judgment could not have been validly entered without either an affidavit or a statement of account or evidence introduced to establish liability and the amount of the recovery.*

The contention is that Virginia Code Sections 16.1-88, 8.01-28 and Supreme Court Rule 3:17 control this issue. The plaintiff maintains that it need not introduce evidence in support of its claim, that the failure to file the

required written grounds of defense within the required two-week period and to appear at the date fixed for trial placed him in default and authorized the Court to enter a judgment against him in the amount set forth in the warrant without hearing any evidence. The considerable authority on the question of whether evidence is necessary to prove liability and to obtain a default judgment annotated at 8 ALR 3d 1070 is not of much help in this case nor is the case of *Land Craft Co.* v. *Kincaid*, 220 Va. 865 (1980). Those authorities refer to situations in which a cause of action was stated in the pleadings which was not answered and a default occurred by reason thereof. As the annotation points out and our Rules of Court impliedly provide, no evidence of liability need be produced in that situation. Rule 3:15. Further support for the implication is found in *Funkhouser, Adm'r.* v. *Million*, 209 Va. 89 (1968), in which it was held that the introduction of evidence of liability to enhance a claim for damages cannot defeat a default judgment on liability even though that evidence showed contributory negligence as a matter of law. Those authorities are not of assistance here because a warrant need not state a cause of action, as counsel for the defendant points out on page 8 of his memorandum. While some support for an argument that no such evidence is required to establish liability might be found in the new Rule 3D:6(c), that Rule was not in effect when the case was heard, and Rule 1:4(a) appeared to be the only one applicable, except so far as Rule 3:17 might be applied by an analogy. However, I do not believe that Rule would be analogous because it refers to a failure to plead "to a motion for judgment."

The Virginia rule requiring proof of the damages if the sum is unliquidated despite the defendant's default would seem to apply to proof of the amount due by this account. It cannot be ascertained to be a liquidated sum from the warrant itself and yet under Rule 3:17, if that rule had been applicable, evidence would have been required to establish the amount due even though the Court had found the defendant in default on liability and not required evidence on that issue.

It is my opinion that evidence was required in January of 1982 under the Rules then in existence to establish: (1) liability in any action brought upon a warrant even though the defendant is in default; and (2) the amount due on the account.

For the foregoing reasons the Court declares the judgment obtained in the lower court to be a nullity and will hear the evidence *de novo* unless either party requests that the matter be remanded to the General District Court for hearing in that Court. If there is such a request, the Court will hear argument on that, but if the parties agree this Court will hear the matter and dispose of it and suggests it be done at the same time the other matters are heard.