# CIRCUIT COURT OF FAIRFAX COUNTY

Gray Diversified
Asset Management, Inc.

v.

Karen Canellis et al.

October 7, 2008

Case No. CL 2007-15759

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on Defendant's Motion for Sanctions. After considering the pleadings, the evidence, the oral and written arguments of counsel, and the relevant legal authority, the Court grants the motion.

*Background*

Karen Canellis and Gray Diversified Asset Management, Inc. (Gray) were business associates, engaged in the business of providing real estate financing services. LBI, L.L.C., is a corporate entity controlled by Karen Canellis. In September 2005, Canellis and Gray parted ways. In April 2006, Canellis filed suit against Gray for breach of contract, quantum meruit, and conversion (the 2006 action). Gray's answer pleaded setoff as an affirmative defense and followed with counterclaims for breach of fiduciary duty, tortious interference with prospective contractual relations, trespass, and conversion. The case was tried before a jury, and final judgment was entered in accordance with the verdict on April 13, 2007. Canellis largely prevailed, but to date has been unable to collect any amount on the judgment.

Having encountered differences with its earlier representation, Gray retained Mr. Lawrence A. Katz and filed the instant action on December 28, 2007. The suit seeks $30,692.34 in connection with salaries paid to one

Donna Stafford, a former employee of the parties' enterprise, and $20,000 from a transaction Canellis engaged in with an entity known as "Tremont" in connection with a real estate project known as the "Creighton" deal (the Tremont commission). The claim is that Canellis owed Gray a portion of Stafford's salary dating back to the period when the parties were associated and that she was obligated to split the $40,000 Tremont Commission with Gray under their agreement but failed to do so. Canellis responded with a plea in bar and then the instant Motion for Sanctions, arguing that both claims were actually litigated in the 2006 action and so barred by principles of res judicata.

A brief review of the court file from the earlier action and a somewhat lengthier review of the trial transcript reveals that both claims were placed in issue by Gray in the 2006 action. The pleadings themselves and further evidence introduced at a hearing held on August 21, 2008, compel the finding that both Katz and Gray were aware or should have been aware that both claims are barred by res judicata.

*Analysis*

An attorney's signature on a pleading, motion, or other paper certifies that (1) the attorney has read it, (2) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (3) that it is not filed for any improper purpose. Va. Code § 8.01-271.1. "An attorney's signature to a pleading certifies compliance with all three clauses, and the attorney is subject to sanctions for failure to comply with any one of them." *Ford Motor Co. v. Benitez*, 273 Va. 242, 251, 639 S.E.2d 203, (2007).

Defendants argue that the instant claims were filed for an improper purpose, namely as an attempt to dragoon them into settling for less than full payment of the 2007 judgment and that they are not well grounded in fact and law because they are barred by res judicata. While the Court declines to rest its decision on a finding of improper purpose, there is plenty of factual evidence in the record to support Defendants' argument. It is simply unnecessary for the Court to find an improper purpose because the evidence is overwhelming that the claims are barred by res judicata and that Katz filed them without having conducted a reasonable inquiry into whether or not they were barred.

*The Claims Are Barred by Res Judicata*

Res judicata is the principle that "[t]he effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time." *Smith v. Holland*, 124 Va. 663, 666, 98 S.E. 676, (1919). Gray argues that the claims are not barred by res judicata because they pass the "identical proof" test of *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 576 S.E.2d 504 (2003). Unfortunately for Gray, it appears that the "identical proof" test promulgated by *Davis* is no longer valid. *See*, Rule 1:6; *See also*, *Virginia Imports v. Kirin Brewery*, 50 Va. App. 395, 412, 650 S.E.2d 554 (2007). Indeed, as Judge Kelsey has observed, *Davis'* identical proof test appears to be as dead as an "extinct tribe that never existed." D. Arthur Kelsey, "The Thing Decided: Rule 1:6's Rediscovery of Res Judicata in Virginia," *Virginia Bar Association News Journal*, June/July 2008 at 21.

Even so, because neither the Rules of the Supreme Court of Virginia nor the Virginia Code provide for compulsory counterclaims, Gray could have reserved the instant causes of action and brought them as a separate suit. However, it is impossible for this Court to understand how Gray believes they could plead setoff in the 2006 action as a defense, raise a storm of counterclaims (all arising from the dissolution of their shared enterprise), and yet reserve claims arising from the salaries paid by and commissions earned by their enterprise without falling within the well established prohibition on claim-splitting. *See, Smith*, 124 Va. at 666. *See also*, Rule 1:6.

Even if Gray were right that they are free to plead some counterclaims, but not all, and raise some claims in setoff, but not all, the matter is still barred by res judicata because both matters raised in the instant action were actually placed in issue by Gray in the 2006 action. Both matters were inquired into in discovery depositions, and Gray both argued Canellis' relationship with Tremont to the jury and presented evidence about it at trial. See, Deposition of Karen A. Canellis at 40-51, Canellis v. Gray Diversified Asset Management et al., CL-2006-4293; Trial Transcript at 74, 92-95, 151-152. Canellis v. Gray Diversified Asset Management et al., CL-2006-4293. Gray presented evidence about Canellis' obligation to contribute to Stafford's salary and argued it to the jury. See, Trial Transcript at 180, 402. Finally, the jury actually sent a note to the judge during their deliberations asking for additional documents related to Stafford's salary.

Whether or not Gray's instant claims were in issue and resolved in the 2006 action is a question of fact. *See, Barkman v. Chevalier*, 214 Va. 6, 8, 196 S.E.2d 911 (1973). In light of the deposition and trial transcripts, counsel's

190

arguments to the jury, and the note signed by the jury foreman requesting further evidence, the Court finds that Canellis' relationship with Tremont and the issue of Stafford's salary were placed in issue by Gray in the 2006 action, that evidence on both matters was introduced and argued to the jury, and that the April 2007 jury verdict resolved both matters. Even if Gray's instant claims are not barred by res judicata, the Court notes that they appear to be entirely inconsistent with Gray's position in the 2006 action that Canellis was merely Gray's employee. Even if not barred by res judicata, they might well be barred by estoppel.

*A Reasonable Inquiry Would Have Alerted Gray and Katz*
*to the Fact That the Claims Were Barred by Res Judicata*

At the August 21, 2008, evidentiary hearing, counsel for Canellis introduced contemporaneous notes of telephone conversations he had with Katz in August 2007 and February 2008. The notes and the testimony establish that counsel for Canellis informed Katz on both occasions that the instant claims had been raised and resolved in the 2006 action. To the extent that there is a conflict in the evidence, the Court resolves the conflict in favor of the evidence and testimony of Mr. Ravencraft received at the hearing on August 21, 2008. Accordingly, the Court finds as a fact that Katz was specifically informed four months before filing this suit that the claims were previously litigated to conclusion.

While Katz equivocates about whether or not he knew that the claims were barred before filing the action in December, 2007, there can be no doubt that he was on notice on February 29, 2008, when Canellis filed a plea in bar asserting res judicata, and again on March 21, 2008, when Canellis filed the instant motion for sanctions. Nevertheless, Katz continued to represent to the Court that both claims were well grounded in fact and law as late as July 15, 2008, when he signed a memorandum of law opposing the instant motion.

> At no time in the course of the initial Litigation did Gray Diversified or Mr. Gray seek to assert claims against Defendants for either 50% of the $40,000 commission alleged in Count I of the Complaint filed in this action (the "Complaint") or reimbursement of the $30,692.34 salary paid to Donna Stafford, as alleged in Count II of the Complaint.

Response of Lawrence A. Katz and Venable, L.L.P., to Defendant's Reply to opposition to Motion for Imposition of Sanctions at 2.

> At no time in the course of the Initial Proceedings was the jury called upon to make a determination as to whether Defendants were obligated to pay Gray Diversified half of the $20,000 [sic] commission ultimately received by Defendants or to reimburse Gray Diversified for the salary paid by it to Donna Stafford.

*Id.*

While Katz and Gray continue to argue that Katz' inquiry was reasonable within the meaning of § 8.01-271.1, this court is unable to agree. By his own admissions,[1] Katz failed to substantially discuss the 2006 action with Gray's former counsel. He failed to review the trial transcript of the 2006 action or even to obtain a copy of it. He reviewed only those parts of the Court's file from the 2006 action that he thought "pertinent." Exhibit B to Plaintiffs' Motion of June 26, 2008: Responses to Defendants' First Set of Requests for Admission at 2-4 (Requests for Admission numbers 4, 5, 7, 11-14). The Court is of the opinion that, having been specifically informed by opposing counsel that the claims were barred by res judicata, it was impossible for Mr. Katz to have conducted a "reasonable inquiry" into the legal and factual basis for the claims without at least having reviewed the Court's file in detail and having reviewed the trial transcript.

While a substantive discussion with Gray's former counsel might also have satisfied Katz' duty, the Court is perfectly aware that Gray's former counsel declined to assist Katz. Although Katz appears to argue that this excuses his failure to make an adequate inquiry, the Court is of the opinion that it most definitely does not. The Court finds that either reviewing the

---

[1] Of course, under Rule 4:11, *Plaintiffs have admitted every request for admission* in Defendants' First Set of Requests for Admission, because they failed to timely respond. The Court merely references the purported responses attached as "Exhibit B" to Plaintiffs' June 26, 2008, Motion (seeking an extension of time to respond to Defendants' First Set of Requests for Admission, although never noticed, heard, or ruled upon, much less granted) because, even had Katz timely responded, his own admissions would demonstrate the cursory nature of any inquiry he did conduct. Although Plaintiffs argue that they believed a response was unnecessary because they had "noticed a voluntary nonsuit" within the twenty-one days provided by the rules, in fact no motion for a voluntary nonsuit has ever been made and no order permitting a voluntary nonsuit has ever been entered. This point was brought to counsel's attention at the August 21, 2008, evidentiary hearing, and both Katz and Streeter professed to be surprised to hear that a nonsuit had never been entered. Despite their representation to the Court that an order for nonsuit would be entered soon after the August 21, 2008, hearing, none has been forthcoming as of the date of this opinion.

Court's file or reviewing the trial transcript would have placed a reasonable and competent attorney on notice that the claims pressed in the instant action are barred by res judicata.

These basic failures certainly offer at least some support to Canellis' contention that the action was initiated for an improper purpose. "[T]he manifest purpose of the statute is to hold attorneys, who are officers of the court, responsible for specified failures involving the integrity of the documents that they have signed." *Williams & Connolly v. PETA*, 273 Va. 498, 510, 643 S.E.2d 136 (2007). "[D]istorted representations in a pleading never serve a proper purpose and inherently render that pleading as one 'interposed for [an] improper purpose,' within the meaning of clause (iii) of the second paragraph of Code § 8.01-271.1." *Id*. at 510. Counsel's failure to comply with the statute is not costless. Innocent parties may be forced to expend great sums and enormous amounts of effort to defend themselves against baseless claims.

## Sanction

"If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both an appropriate sanction." Va. Code § 8.01-271.1. The Court finds that Canellis was forced to expend at least $25,625.60 in assorted legal fees and expenses directly related to her defense of this action. This figure does not include the substantial amounts she has been forced to expend in attempts to collect the April 2007 judgment because those expenses do not appear to be related to the violations of § 8.01-271.1 identified in this action. Accordingly, the Court imposes a sanction of $25,625.60 against Mr. Katz.