𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

SMITH V. HOLLAND AND OTHERS.

March 13, 1919.

1. HOMESTEAD EXEMPTION—*Code of 1904, section 3642—"Subjected."*
—A creditor obtained judgment and levied execution against
his debtor. Suit was brought by other creditors against the
execution creditor alleging superior liens, and the execution
creditor also brought a chancery suit against the debtor, claim-
ing a lien in his favor on certain property of the debtor. The
two suits were heard together. The court decreed that cer-
tain funds should be paid to the execution creditor. The same
decree directed the payment of all the costs of the suit, and
disposed of the entire funds of the debtor in the hands of
receivers appointed by the court. After the adjournment of
the term of court at which this decree was rendered, the debtor
filed a homestead deed, claiming the amount decreed to be paid
to the execution creditor as part of his homestead exemption,
and filed a petition in the chancery causes, praying that it
be paid over to him as a part of his homestead. Section 3642,
Code of 1904, permits a householder to set apart his home-
stead "at any time before the same is subjected by sale or
otherwise under judgment, decree, order, execution or other
legal process."
*Held:* That the fund in question had been "subjected" within
the true intent and meaning of the statute before the execution
of the homestead deed, and the debtor having failed to claim
his homestead privilege before the decree, he was concluded
by it, not only because the fund had been subjected thereby,
but because it was a final decree settling every controversy
which had arisen in the cause.

2. FORMER ADJUDICATION OR RES ADJUDICATA — *Questions that
Might Have Been Litigated.*—The effect of a final decree is
not only to conclude the parties as to every question actually
raised and decided, but as to every claim which properly be-
longed to the subject of litigation and which the parties, by
the exercise of reasonable diligence, might have raised at the
time.

3. FINAL JUDGMENTS AND DECREES—*Proceedings to Enforce Decree.*
—Where no further action in a cause is necessary, but any

> further action would not be in the cause itself but beyond it, that is, in order to enforce the decree, the necessity for such further action does not prevent the decree from being final.

Appeal from a decree of the Circuit Court of Northampton county, in which appellant filed his petition. From a decree dismissing his petition, petitioner appeals.

*Affirmed.*

The opinion states the case.

*J. Brooks Mapp,* for the appellant.

*Stanley Scott* and *Jas. E. Heath,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

William G. Smith, who appears to have been largely indebted to persons from whom he rented lands, and to others who had made advances to him which were secured by crop liens, on June 30, 1916, conveyed the unsevered crops on three farms rented and cultivated by him, to a trustee for the benefit of a number of other creditors. Among those other creditors was the Farmers and Merchants Bank of Cape Charles, Va.

Clarence W. Holland had, on November 10, 1908, recovered a judgment against Smith for $730, with interest, and upon that judgment had issued an execution on June 1, 1916, under which there had been a levy upon Smith's property. Under this state of facts, Holland brought a chancery suit against his debtor, claiming a lien in his favor on the unsevered crops, and the trustee and certain of the other creditors who alleged that their liens were superior to that of Holland also instituted a suit against Holland and the sheriff of Northampton county, praying for an injunction to prevent the levying upon or subjecting any of the

severed or unsevered crops. The injunction was refused, but the attorneys for the opposing interests were appointed receivers to take possession of and to market the crops. The two suits were thereafter heard together. The receivers, acting under the decrees of the court, converted the crops into money, and all of the fund has been distributed under the decrees of the court except the residue thereof now here in controversy. That fund is the sum of $569.96, which represents the dividend assigned to and which but for this litigation would have been paid upon the debt of the bank. Holland claimed a lien under his execution superior to the lien of the bank under the deed of trust, because he alleged that the bank had notice of his execution. He sustained this claim and showed that the bank had been served with garnishee process on the 24th day of June, 1916, which was prior to the date of the deed of trust, June 30, 1916, under which the bank claimed. The court, therefore, on November 21, 1917, decreed that this amount, which would otherwise have been paid to the bank, should be paid to Holland, the execution creditor. The same decree directs the payment of all of the costs of the suit, and disposes of the entire fund in the hands of the receivers. After this, on the 14th day of December, 1917, Smith filed a homestead deed, claiming the amount so decreed to be paid to Holland as a part of his homestead exemption, and thereafter, at a subsequent term of court, on March 22, 1918, filed his petition in the chancery causes referred to, praying that it be paid over to him as a part of his homestead. The court, over the objection of Holland, permitted the filing of this petition, but refused to grant its prayer, and dismissed it. Of this ruling Smith is here complaining.

[1, 2] In the view which we take of the case, the question presented is single and narrow. The statute, section 3642, permits a householder to set apart his homestead "at any time before the same is subjected by sale or otherwise under

84

judgment, decree, order, execution or other legal process."
So that we have only to determine whether the fund here involved had been "subjected" within the true intent and meaning of that statute before the execution of the homestead deed. As to this we have no doubt. The litigation had been pending for some time and Smith was a party to it. While he had waived his homestead exemption as to the debt of the bank and had not waived it as to Holland's debt, at the same time he knew of the controversy and must be deemed to have known that the question might be decided in Holland's favor. When it was thus decided, he doubtless then could have claimed the fund as a part of his homestead at any time before that decree became final—that is, before the adjournment of that term of court. Having failed to exercise this privilege, he is concluded by that decree, not only because the fund had been subjected thereby, but because it was a final decree settling every controversy which had arisen in the cause. The effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time. *Diamond State Iron Co.* v. *Rarig,* 93 Va. 595, 25 S. E. 894; *Miller* v. *Smith,* 109 Va. 651, 64 S. E. 956.

[3] No further action of the court in this cause was necessary. If any further action had been necessary, it would not be in the cause but beyond it—that is, in order to enforce the decree. The necessity for such further action does not prevent the decree from being final. *Rawlings* v. *Rawlings,* 75 Va. 76; *Jones* v. *Buckingham Slate Co.,* 116 Va. 120, 81 S. E. 28. We are, therefore, of opinion that the question has been correctly determined.

*Affirmed.*