**In re Gerald Eugene CALLENDER, Debtor.**

**WAREHOUSE FURNITURE SALES, INC., Plaintiff,**

v.

**Gerald Eugene CALLENDER, Defendant.**

**Gerald Eugene CALLENDER, Plaintiff,**

v.

**WAREHOUSE FURNITURE SALES, INC., Defendant.**

Bankruptcy No. 82–00157–N.
Adv. Nos. 82–0153–N, 82–0244–N.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

May 26, 1982.

Ashton H. Pully, Jr., Virginia Beach, Va., for Warehouse Furniture Sales, Inc.

Richard W. Whittemore, Hanson & Stallings, Virginia Beach, Va., for Gerald Eugene Callender.

HAL J. BONNEY, Jr., Bankruptcy Judge.

This case arises from a complaint to modify stay filed by the creditor and a complaint to avoid lien filed by the debtor. Relative to each complaint, the facts and issues are much the same.

Counsel for both parties have prepared a stipulation of facts and it is upon this that the Court makes its decision.

The creditor, Warehouse Furniture Sales, Inc., obtained a judgment against the debtor in State court on May 20th, 1976. The High Constable of the City of Virginia Beach, Virginia, levied on certain chattels of the debtor on October 14, 1981, and advertised a sale for November 9, 1981. The sale was not held on November 9th and was rescheduled for November 26, 1981.

On November 20, 1981, the debtor filed a homestead deed with the Circuit Court for the City of Virginia Beach exempting all of the items listed in the levy. Relying on the homestead deed, the High Constable refused to sell the chattels as scheduled on November 26.

The creditor thereafter filed a petition for a writ of mandamus with the Circuit Court, asking that the High Constable be ordered to sell the chattels. At a hearing on January 27, 1982, the Circuit Court ordered the Constable to sell the chattels.

The debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on February 3, 1982.

An order complying with the Circuit Court's ruling of January 27, 1982, was entered on February 5, 1982, by the Circuit Court Judge. Thereafter, the two above-listed complaints were filed with this Court.

The first question the Court must answer is whether the debtor has properly exempted his property under Virginia law. Virginia Code 34–17 [as amended] outlines the

procedure a debtor must follow in claiming the exemptions enumerated under Title 34 of the Virginia Code. The pertinent portion of the section reads.

The real or personal estate which a householder, his widow, or minor children are entitled to hold exempt may be set apart at any time before it is subjected by sale or otherwise under judgment, decree, order, execution, or other legal process . . . .

The language of this section is ambiguous at best. Depending upon the punctuation or emphasis placed in the phrase "before it is subjected by sale or otherwise under judgment, etc.", different points in time can be designated as the last moment at which a person may file a homestead deed to exempt property.

Case law is varied as to the interpretation of section 34–17. In *Smith v. Holland,* 124 Va. 663, 98 S.E. 676 (1919), the Virginia Supreme Court held that the proceeds of a judgment in a suit between two creditors concerning property of the debtor could not be exempted after the judgment order had become final. The Court reasoned that the language of section 3643 [the predecessor of 34–17 which contains the same language] required the debtor because he was a party to the lawsuit and had knowledge of it, to file his homestead claim prior to the time the judgment order became final.

However, in *Wilson v. Virginia National Bank,* 214 Va. 14,196 S.E.2d 920, 921 (1973), the Virginia Supreme Court had a somewhat different interpretation of the language of section 34–17. Here the judgment creditor instituted a garnishment against the debtor's bank accounts. The return day of the garnishment was April 11. Four days prior to the return date, the judgment debtor filed a homestead deed. The Court found that since the funds had not been "subjected by sale or otherwise" [e.g. turned over to the creditors], the judgment debtor was entitled to claim the benefit of her exemption.

Section 34–17 is phrased in a manner which makes it unclear whether the last moment for claiming exemptions under Vir-

ginia law is *before the sale* of the chattels or *before the levy* on the chattels.

Because case law is unclear and the statute ambiguous the Court finds that since the debtor claimed his exemption in the chattels prior to their sale by the High Constable, that the debtor is entitled to the exemption. Exemption laws are to be construed liberally in favor of the debtor and strictly against creditors. *Goldburg v. Salyer,* 188 Va. 573, 50 S.E.2d 272 (1948); *Brown v. Western State Hospital,* 110 Va. 321, 66 S.E. 48 (1909); *Oppenheim v. Myers,* 99 Va. 582, 39 S.E. 218 (1901).

The debtor has properly exempted the chattels under Virginia law. Therefore, he is entitled to avoid the judgment lien on those chattels pursuant to 11 U.S.C. 522(f)(1). That lien is hereby avoided. The creditor's request for relief from stay is denied.

IT IS SO ORDERED.