COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Alston and McCullough
Argued at Alexandria, Virginia

STARBUCKS COFFEE COMPANY AND
  AMERICAN ZURICH INSURANCE COMPANY

OPINION BY
v.      Record No. 2557-11-4          JUDGE ROSSIE D. ALSTON, JR.
                                       DECEMBER 4, 2012

KRISTIN SHY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Andrew M. Alexander (Semmes, Bowen & Semmes, P.C., on
briefs), for appellants.

Craig A. Brown (Ashcraft & Gerel, LLP, on brief), for appellee.

Starbucks Coffee Company (Starbucks) appeals from an order of the Workers'

Compensation Commission (the commission) refusing to terminate an award of temporary total

disability benefits to Kristin Shy (claimant). On appeal, Starbucks contends: 1) the commission

erred in denying Starbucks' allegation that claimant returned to work on January 26, 2010; 2) the

commission erred in denying Starbucks' allegation that claimant returned to work on November

26, 2010; and 3) the commission erred in denying Starbucks' allegation that claimant abandoned

the labor force on January 4, 2011. Finding no error, we affirm.

I. BACKGROUND

On appeal from the commission, we view the evidence in the light most favorable to

claimant, the party prevailing below. Tomes v. James City Fire, 39 Va. App. 424, 429-30, 573

S.E.2d 312, 315 (2002) (citing R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390

S.E.2d 788, 788 (1990)).

PUBLISHED

A.  Claimant's Injury and Award Order

So viewed, the evidence showed that claimant suffered an upper back injury on December 8, 2009, during the course of her employment at Starbucks.  The following day, claimant was placed on a workers' compensation leave of absence.

On January 26, 2010, claimant made an unsuccessful attempt to return to work for Starbucks at the store where she worked prior to her injury.  During this unsuccessful attempt at returning to work, claimant performed what she described as "light duty work; mostly cashiering."  Despite performing only light-duty work over an interrupted six-week basis, claimant testified that her attempt to work a full shift caused her "extreme pain" and that she "could not move around or move [her] arms."

In March 2010, after this failed attempt at returning to work, claimant was referred to Dr. Stephanie Clopp, who became claimant's treating physician and advised her to discontinue her work activity.  Claimant worked her last day at Starbucks on March 8, 2010.  On March 23, 2010, claimant was again placed on a workers' compensation leave of absence.

On April 19, 2010, claimant filed a claim for workers' compensation benefits and requested a hearing with the commission.  In her claim, claimant alleged injuries to her right shoulder, neck, and back.

Prior to claimant's hearing before the commission, Starbucks provided claimant with an award agreement, providing for payment of temporary total disability benefits beginning on December 8, 2009.  Claimant accepted the award agreement, and the parties submitted the agreement to the commission.

On July 27, 2010, the commission entered an award order, approving the award agreement, as well as entering an award of medical benefits pursuant to Code § 65.2-603.

Following entry of the award, Starbucks neither sought review of the award nor argued that it should be modified or vacated. On August 26, 2010, the award order became final.

In November 2010, claimant applied for a job with the clothing retailer American Eagle. Claimant began working for American Eagle on November 26, 2010, and completed twelve hours of work over two shifts on nonconsecutive days before resigning in December 2010. Following her resignation from American Eagle, claimant then enrolled in Blue Ridge Community College as a full-time student on January 9, 2011.

### B. Starbucks' Applications for a Hearing

On December 3, 2010, Starbucks filed an application for a hearing before the commission. Starbucks alleged that claimant's return to her pre-injury work at Starbucks on January 26, 2010, was a change in condition and sought the termination or suspension of claimant's outstanding award.

Starbucks filed a second application for a hearing before the commission on April 4, 2011, alleging that claimant's return to light-duty work with American Eagle on November 26, 2010, constituted a change in condition and warranted termination or suspension of claimant's outstanding award.

On May 18, 2011, Starbucks again filed an application for a hearing before the commission, claiming a change in condition based on claimant's January 26, 2010 return to light-duty work at Starbucks and requested the termination or suspension of claimant's award.

One week later, on May 25, 2011, Starbucks filed its final application for a hearing before the commission, alleging that claimant abandoned the labor force when she became a full-time college student on January 4, 2011. In addition, Starbucks alleged that "claimant did

not timely report [her enrollment in college] to the commission," as required by Code § 65.2-712.

## C. Deputy Commissioner Hearing

On June 3, 2011, a deputy commissioner held a hearing on Starbucks' four consolidated applications for hearing. During the hearing, claimant testified that after returning to work for Starbucks on January 26, 2010, when she attempted to work a full shift, she suffered extreme pain and experienced difficulty moving. Because her work exacerbated her pain, claimant testified that she was unable to work a full week schedule. Claimant also testified that after she stopped working for Starbucks in March 2010, she was not offered employment or job search assistance by Starbucks.

Claimant also addressed her attempted return to work with American Eagle in November 2010. Claimant testified that when she applied to work for American Eagle, she was willing to work forty hours per week. Moreover, claimant testified that she quit working at American Eagle because she was not offered the hours she requested.

Additionally, claimant testified that she enrolled as a full-time student at Blue Ridge Community College in January 2011. Since enrolling at Blue Ridge, claimant acknowledged that she had not looked for work. However, claimant also testified that she had not refused any assistance from Starbucks in finding employment because of her student status.

After reviewing the evidence and testimony offered during the June 3, 2011 hearing, the deputy commissioner rejected each of Starbucks' four applications. First, the deputy commissioner found that by agreeing in June 2010 to entry of the award agreement with knowledge of claimant's brief and unsuccessful attempt to return to work in January 2010,

- 4 -

Starbucks had waived and abandoned the allegations raised in its December 3, 2010 and May 18, 2011 applications.

Alternatively, the deputy commissioner concluded that Starbucks failed to carry its burden of proving the allegations raised in the December 3, 2010 and May 18, 2011 applications. Specifically, the deputy commissioner found that, upon return to work for Starbucks in January 2010, claimant's "attendance was sporadic at best, and [credited her] testimony that she continued to experience accident-related symptoms."

Similarly, the deputy commissioner found that Starbucks failed to meet its burden to show a change in condition concerning claimant's November 26, 2010 return to work with American Eagle. The deputy commissioner noted that claimant's employment with American Eagle was too short to constitute a change in her condition.

The deputy commissioner also found Starbucks' May 25, 2011 application lacked merit, concluding that claimant had not withdrawn from the labor force when she enrolled in college on January 4, 2011. The deputy commissioner determined that claimant was not precluded from seeking employment by enrolling in college, that she had not refused any vocational assistance due to her status as a student, and that Starbucks had neither offered claimant a new job nor offered to help her find a job. Accordingly, the deputy commissioner concluded that Starbucks' allegations did not "establish a change in [claimant's] condition sufficient to suspend payments of compensation."

Moreover, the deputy commissioner found unpersuasive Starbucks' assertion that claimant was required to notify the commission that she became a full-time college student. The deputy commissioner observed that Code § 65.2-712 only imposed a duty to disclose to the employer or its insurer, not the commission, a change in a claimant's status as a full-time

student.  More importantly, the deputy commissioner interpreted Code § 65.2-712 to place "a duty upon a claimant to disclose that he or she is no longer a full-time student for purposes of the dependency provisions of the Act, not to disclose that he or she has become a full-time student."

### D.  Full Commission Hearing

Starbucks requested a review of the deputy commissioner's findings by the full commission on September 12, 2011.  On November 17, 2011, the commission unanimously affirmed the deputy commissioner's June 16, 2011 decision.

The commission found that Starbucks did not appeal or seek to vacate the July 27, 2010 award order, and concluded that the award was thus final.  Applying the principles of res judicata, the commission concluded that the award order barred Starbucks' December 3, 2010 and May 18, 2011 requests for review.  In addition, the commission found that Starbucks was aware of claimant's January 2010 unsuccessful work attempt prior to execution of the award agreement, and, thus, "abandoned [its] claim to assert a change in condition prior to signing [the award agreement]."

The commission also concluded that Starbucks' May 25, 2011 application for hearing was meritless, finding that claimant's "enrollment in college [was] not a basis for termination of [the] award."  Significantly, the commission affirmed the deputy commissioner's finding that there was no evidence that claimant had withdrawn from the labor market upon her enrollment in college.  Finally, the commission adopted the deputy commissioner's interpretation of Code § 65.2-712 and concluded that claimant was under no duty to inform the commission of her status as a full-time student.  This appeal followed.

## II.  ANALYSIS

### A.  Standard of Review

In reviewing a decision of the commission, we view the evidence in the light most favorable to claimant, the party prevailing below.  See Wainwright v. Newport News Shipbuilding and Dry Dock Co., 50 Va. App. 421, 430, 650 S.E.2d 566, 571 (2007).  "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991); Wise Coal & Coke Co. v. Roberts, 157 Va. 782, 789, 161 S.E. 911, 913 (1932) (noting that whether a claimant suffered a change in condition is a question of fact).  "However, the commission's legal determinations are not binding on appeal and will be reviewed *de novo*."  Wainwright, 50 Va. App. at 430, 650 S.E.2d at 571 (citing Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995)); see also Pruden v. Plasser Am. Corp., 45 Va. App. 566, 573, 612 S.E.2d 738, 742 (2005) ("The determination of *res judicata* is a question of law and is reviewed *de novo*." (citing Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (*en banc*))).

### B.  Claimant's January 26, 2010 Return to Work

Starbucks contends that the commission erred in denying its allegation that claimant returned to work on January 26, 2010.  Specifically, Starbucks contends that the commission erroneously applied the doctrine of res judicata because the July 27, 2010 award order was not a final judgment on the merits.  Starbucks asserts that the award order was merely an administrative order recognizing claimant's right to collect wage-loss benefits and that "[t]he substantive claim of [claimant's] return to work was never litigated before the [c]ommission on the merits."

As this Court has expressed before, "'the relationship of the [c]ommission to an award is that of a court to a judgment during the term at which it is rendered.'" Brock v. Voith Siemens Hydro Power Generation, 59 Va. App. 39, 47, 716 S.E.2d 485, 488 (2011) (quoting K & L Trucking Co., Inc. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)). "A 'contested matter before the [c]ommission,' we explained, involves an 'assertion of particular legal rights which have arisen out of a definable factual transaction.'" Id. at 47, 716 S.E.2d at 488-89 (quoting Thurber, 1 Va. App. at 220, 337 S.E.2d at 302).

Here, it is beyond dispute that the award order in the instant matter resulted from a contested matter before the commission. Claimant sought to assert the legal rights available to her under the Virginia Workers' Compensation Act (Act) when she filed her April 19, 2010 claim for benefits. In her claim, claimant alternatively demonstrated a willingness to accept temporary partial benefits during the period she worked light duty for Starbucks. Nevertheless, Starbucks initiated an agreement on July 2, 2010, to award claimant temporary total disability benefits beginning December 8, 2009, despite knowing that claimant had returned to work with Starbucks, at the same store, on January 26, 2010.

The award order was also a final judgment. "Absent fraud or mistake, 'the decisions of the [c]ommission or its deputy commissioners from which no party seeks timely review are binding upon the [c]ommission.'" Pruden, 45 Va. App. at 574, 612 S.E.2d at 742 (quoting Thurber, 1 Va. App. at 219, 337 S.E.2d at 302). Here, the deputy commissioner accepted the parties' agreement to pay benefits and issued an award order consistent with the terms of the agreement. Starbucks did not seek review of that order or move to have it vacated before it became final.

In an effort to avoid the conclusive effect of the award order, Starbucks contends that the award order was not a final judgment because it was "administratively entered." This argument misplaces the inquiry this Court is required to make. An order by the commission awarding benefits to a claimant by agreement of the parties is a final determination of the matters which were actually, or might have been, litigated in that suit. See Brock, 59 Va. App. at 47, 716 S.E.2d at 488 ("'[T]he relationship of the [c]ommission to an award is that of a court to a judgment during the term at which it is rendered.'" (quoting K & L Trucking Co, 1 Va. App. at 219, 337 S.E.2d 299 at 302)); see also Wallihan v. Hughes, 196 Va. 117, 130, 82 S.E.2d 553, 561 (1954) ("When the parties are before a court of competent jurisdiction and a separation agreement is approved, confirmed and decreed upon, its validity is by that judgment rendered res judicata between the parties."); Martin v. Martin, 167 Va. 206, 211, 188 S.E. 148, 150 (1936) ("The judgment of a court of competent jurisdiction, dismissing a suit agreed, on the ground that it has been agreed by the parties, is a final determination of the matters which were actually, or might have been litigated in that suit, as against said parties and all claiming under them."). Accordingly, the suggestion that the award order was administratively entered provides no basis for disturbing the commission's determination.

Finally, Starbucks' argument that the award order was not a final judgment because claimant's return to work "was never litigated before the [c]ommission on the merits," presupposes that res judicata applies only to issues actually litigated before a court or commission. However, as this Court has expressed before, the principles of res judicata can be comprised of two distinct concepts: "issue preclusion" and "claim preclusion." See Brock, 59 Va. App. at 45, 716 S.E.2d at 487. "Issue preclusion bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior

- 9 -

judgment,' even if the issue recurs in the context of a different claim." Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)).  In contrast, claim preclusion "'foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.'" Nottingham v. Weld, 237 Va. 416, 419 n.2, 377 S.E.2d 621, 622 n.2 (1989) (quoting Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 77 n.1 (1984)).

The issue raised before this Court was one of claim preclusion.

> Virginia's application of the claim preclusion component of res judicata was best stated a century ago:  "Every litigant should have opportunity to present whatever grievance he may have" but if given an opportunity to do so and "having failed to avail himself of it, he must accept the consequences." Miller v. Smith, 109 Va. 651, 655, 64 S.E. 956, 957 (1909). *Thus, the "effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time."* Smith v. Holland, 124 Va. 663, 666, 98 S.E. 676, 677 (1919) (citing Diamond State Iron Co. v. Alex K. Rarig & Co., 93 Va. 595, 25 S.E. 894 (1896); Miller, 109 Va. at 651, 64 S.E. at 956. Claims precluded by res judicata include those "made or tendered by the pleadings," as well as those "incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered." Lofton Ridge, LLC v. Norfolk S. Ry., 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (quoting Kemp v. Miller, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936)).

Brock, 59 Va. App. at 46, 716 S.E.2d at 488 (emphasis added).

For the foregoing reasons, we affirm the commission's finding that res judicata bars review of claimant's January 26, 2010 return to work.

### C.  Claimant's November 26, 2010 Return to Work

Starbucks next asserts that the commission erred in finding that claimant's twelve-hour shift with American Eagle was not of sufficient duration to show a change in condition and

return to work. Starbucks argues that a return to work of *any duration* constitutes a change in condition that warrants termination of claimant's benefits as a matter of law. In support of this argument, Starbucks relies on <u>Brown v. Johnston Memorial Hospital</u>, No. 233-60-73 (Va. Workers' Comp. Comm'n Mar. 8, 2010), and <u>Robbins v. Lee County School Board</u>, No. 209-20-79 (Va. Workers' Comp. Comm'n Sept. 26, 2005). Starbucks cites <u>Brown</u> and <u>Robbins</u> to support the argument that a return to work for one or two days, respectively, would be sufficient to prove a change in condition.[1]

Starbucks' reliance on <u>Brown</u> and <u>Robbins</u> misconstrues the change in condition standard. In neither <u>Brown</u> nor <u>Robbins</u> did the commission establish as a categorical rule that a one or two day absence from, or return to, work would *per se* constitute a change in condition. Rather, the commission held in both cases that a change in condition occurred where the evidence demonstrated that the claimant was *unable* to perform his work for one day, <u>Robbins</u>, No. 209-20-79 (Va. Workers' Comp. Comm'n Sept. 26, 2005) (finding the claimant disabled for missed day of work because deputy commissioner found the claimant acted reasonably in missing work due to back pain), or two days, <u>Brown</u>, No. 233-60-73 (Va. Workers' Comp. Comm'n Mar. 8, 2010) (finding the claimant disabled where physician excused the claimant from work for two days due to scheduled diagnostic studies). Because <u>Brown</u> and <u>Robbins</u> involved changes in condition based upon claimants' inability to work, they are distinguishable from and inapplicable to the instant case.

---

[1] While decisions of the commission are not binding on this Court, they may be persuasive in some cases. <u>See</u> <u>Pruden</u>, 45 Va. App. at 580, 612 S.E.2d at 745.

Accordingly, the issue facing the commission was not simply whether claimant attempted to return to her pre-injury work. Rather, under Code § 65.2-101[2] Starbucks bore the burden of proving by a preponderance of the evidence that claimant experienced a change in condition that affected her right to compensation. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) ("General principles of workman's compensation law provide that 'in an application for review of an award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986))). As the Supreme Court has expressed, "[t]he threshold test of compensability is whether the employee is 'able fully to perform the duties of his preinjury employment.'" Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985) (quoting Sky Chefs Inc. v. Rogers, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981)).

In the present case, Starbucks' application for a change in condition was premised solely on claimant's November 26, 2010 return to work at American Eagle. While a return to work may ordinarily be strong evidence that a claimant is capable of performing his or her pre-injury employment, it is not dispositive. Here, the commission credited "claimant's hearing testimony that she worked for American Eagle a total of 12 hours over only two workdays that were approximately three weeks apart," and further found claimant's unsuccessful attempt to return to the labor force not consequential enough to constitute a change in condition. Reviewing the commission's holding, we cannot say as a matter of law that the evidence submitted by Starbucks, simply showing that claimant returned to work for a period of twelve hours, was

---

[2] Code § 65.2-101 states that a "'[c]hange in condition' means a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation."

sufficient to prove a change in condition. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970) ("Unless we can say as a matter of law that the evidence submitted by Tomko was sufficient to sustain his burden, then the [c]ommission's finding that he did not suffer injury by accident is binding and conclusive upon us."). Accordingly, we affirm the commission's holding on this issue.

### D. Claimant's Enrollment in College

Starbucks raises two arguments under its final assignment of error. First, Starbucks asserts that claimant was required by Code § 65.2-712 to disclose her status as a full-time student to the commission, and, second, Starbucks argues that claimant abandoned the labor force when she enrolled as a full-time student and is no longer entitled to temporary total disability payments.

In reviewing the decision of the commission in this regard, we note that "'[c]onclusions of the commission upon questions of law, or mixed questions of law and fact, are not binding on appeal.'" Gallahan v. Free Lance Star Publ'g Co., 41 Va. App. 694, 698, 589 S.E.2d 12, 14 (2003) (quoting Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996)). Nevertheless, "[t]he commission's construction of the Act is entitled to great weight on appeal." Id. (quoting Cross v. Newport News Shipbuilding and Dry Dock Co., 21 Va. App. 530, 533, 465 S.E.2d 598, 599 (1996)).

Starbucks asserts that claimant was required by Code § 65.2-712 to disclose her status as a full-time student to the commission. Starbucks contends that because claimant failed to make this disclosure, the award for temporary total disability should be terminated on the date claimant enrolled in Blue Ridge Community College.

- 13 -

In affirming the holding of the deputy commissioner, the commission held that the disclosure requirement in Code § 65.2-712 referred not to injured employees, like claimant, but to dependents pursuant to Code § 65.2-515.

Recognizing the great weight afforded to the commission's construction of the Act, we also note that the language and history of Code § 65.2-712 demonstrate an intent to link receipt of compensation *as a statutory dependent* with the disclosure requirement for a change in student status.[3]  See Higgins v. Inspection Enterprises, Inc., 77 O.W.C. 273 (1998) ("[Code §] 65.2-712 requires a dependent to notify the [c]ommission of her status as a student."); Boyd v. James River Limestone Company, Inc., 78 O.W.C. 157 (1999) ("The 1996 Amendments to [Code] § 65.2-712 impose another singular duty upon the statutory dependent to immediately disclose to the employer a change in his status as a full-time student.").

Because we find that Code § 65.2-712 does not impose on claimant a requirement to disclose to the commission *her* status as a full-time student, we affirm this portion of the commission's decision.

---

[3] Prior to 1996, Code § 65.2-712 stated:
> So long as an employee receives payment of compensation under this title, such employee shall have a duty immediately to disclose to the employer, when the employer is self-insured, or insurer in all other cases, any incarceration, return to employment or increase in his earnings.

In 1996, Code § 65.2-712 was amended to read:
> So long as an employee *or statutory dependent pursuant to [Code §] 65.2-515* receives payment of compensation under this title, *any such person* shall have a duty immediately to disclose to the employer, when the employer is self-insured, or insurer in all other cases, any incarceration, return to employment, increase in his earnings, *remarriage or change in his status as a full-time student.*

(Amended language in italics).

- 14 -

In addition, we also affirm the commission's holding that claimant's enrollment in college was not a basis for terminating the award order. Starbucks argues that claimant abandoned the labor force when she enrolled as a full-time student and is, accordingly, no longer entitled to temporary total disability payments. In support of this argument Starbucks cites Baskerville v. Saunders Oil Co., 1 Va. App. 188, 192, 336 S.E.2d 512, 514 (1985).

However, Starbucks' reliance on Baskerville is misplaced. In Baskerville, this Court held that a "[c]laimant's voluntary criminal acts leading to his incarceration . . . removed him from the labor market," and relieved the employer from paying benefits during the period of incarceration. Id. In reaching this holding, the Court noted that workers' compensation exists to compensate an employee for loss of earning power, which is not always proportional to disability. Id. at 193, 336 S.E.2d at 514. While incarceration would not affect the earning power of an employee suffering from permanent or temporary total disability, "[i]n the case of temporary *partial disability* . . . incarceration would be the controlling factor in preventing the employee from participating in selective employment or rehabilitative services." Id. at 193, 336 S.E.2d at 514-15. Accordingly, the Court confined the holding "to the case of temporary *partial disability* when incarceration occurs." Id. at 194, 336 S.E.2d at 515.

This distinction between total and partial disability—juxtaposed by this Court in Baskerville—is relevant here. Whether a claimant voluntarily removed herself from the labor force is a factor the commission and this Court consider when determining whether a claimant failed to market her remaining work capacity. See Lynchburg Gen. Hosp. v. Spinazzolo, 22 Va. App. 160, 468 S.E.2d 146 (1996). However, a claimant under an award for permanent or temporary total disability is under no obligation to market her remaining work capacity. See Georgia Pac. Corp. v. Dancy, 17 Va. App. 128, 134, 435 S.E.2d 898, 901-02 (1993) ("Because

- 15 -

Dancy is totally, not partially, disabled, he is not required to prove that he made a reasonable effort to market his residual work capacity in order to receive temporary total disability benefits."). Rather, a claimant under an open award for permanent or temporary total disability is required to cooperate with reasonable vocational rehabilitation efforts offered by her employer. Code § 65.2-603.

Here, claimant is under an open award for ongoing temporary total disability. Accordingly, claimant is required only to cooperate with reasonable vocational rehabilitation efforts offered by Starbucks. See Code § 65.2-603. Starbucks has not accused claimant of refusing vocational rehabilitation services or failing to accept selective employment. Consequently, we find that claimant has not abandoned the labor force by enrolling in college courses, and, accordingly, affirm the holding of the commission.

## III.  CONCLUSION

For these reasons, we find that the commission did not err in denying Starbucks' allegations that claimant experienced a change in condition upon her return to work on January 26, 2010, that claimant experienced a change in condition upon her return to work on November 26, 2010, or that claimant abandoned the labor force when she enrolled in college courses on January 4, 2011. Therefore, the decision of the commission is affirmed.

Affirmed.