COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Athey and Senior Judge Humphreys
Argued at Lexington, Virginia

UNPUBLISHED

PITTSLYVANIA COUNTY
 SCHOOL BOARD, ET AL.

                                                  MEMORANDUM OPINION[*] BY
v.       Record No. 0076-25-3                     JUDGE ROBERT J. HUMPHREYS
                                                  OCTOBER 7, 2025
KRISTY L. HITE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Robert McAdam (Rachel Hussein; Kalbaugh, Pfund & Messersmith,
> PC, on brief), for appellants.
>
> Stephen G. Bass (Carter Craig, Attorneys at Law, on brief), for
> appellee.


Pittsylvania County School Board, School Systems of Virginia Self-Insurance, and

Sedgwick Claims Management Services (collectively, School Board) appeal from the Workers'

Compensation Commission's decision to modify Kristy L. Hite's average weekly wage from

$212.69 to $316.91.  Finding no error, we affirm.

BACKGROUND[1]

In 2017, the School Board employed Hite as a teacher's aide with an annual salary of

$16,893.31.[2]  While working in October 2017, Hite accidentally fell and injured her head.  The

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] When reviewing the Commission's decisions, "this Court views the evidence in the light most favorable to [Hite] as the prevailing party before the [C]ommission." *Advance Auto v. Craft*, 63 Va. App. 502, 520 (2014) (quoting *Starbucks Coffee Co. v. Shy*, 61 Va. App. 229, 238 (2012)).

[2] Hite received compensation for the 52-week pre-injury period in the amount of $16,479.56, as summarized in a wage chart.

claims transaction report submitted for Hite's injury erroneously reported Hite's average weekly wage as $212.69, with a corresponding weekly compensation rate of $260.75.[3] In February 2018, the parties entered an award agreement, stating that Hite's pre-injury average weekly wage was $212.69, with a corresponding compensation rate of $260.75. Assuming the School Board's figures were correct, Hite signed the award agreement without checking the rate or obtaining counsel. Lacking a wage chart or employment contract to check wage information, the Commission honored the parties' award agreement and ordered that "$212.69 shall be paid per week during temporary total disability beginning October 29, 2017" (award order). That amount was less than the statutory minimum compensation rate in force at the time.

After filing numerous claims in 2023, Hite filed a 2024 claim to amend the Commission's award order. Hite alleged that the award order contained an incorrect average weekly wage and compensation rate, compared with a wage chart that the School Board filed in April 2024. The parties agreed that the wage-chart payment amounts were accurate. Hite claimed that she mistakenly agreed to the award order with an incorrect wage when she was not represented by counsel. In response, the School Board argued that retrospectively amending the wage award would be improper under the doctrine of laches, res judicata, estoppel, law of the case, doctrine of imposition, and statute of limitations.

The deputy commissioner (deputy) conducted evidentiary hearings in 2024. At a hearing, Hite testified about her employment contract that showed her salary. Based on her salary, Hite's actual average weekly earnings were $316.91.[4] Although after her injury the School Board only paid her the rate of $212.69, she "did not truly understand what was going on" due to her head

---

[3] The parties incorrectly identified the minimum compensation rate at that time as the compensation rate for temporary total disability benefits for Hite.

[4] In her deposition, Hite testified that her average weekly wage at the time of her accident was $316.91. Hite filed the deposition transcript with the Commission.

injury. After considering the evidence, the deputy concluded that amending the average weekly wage was appropriate. He found that the initial calculation of Hite's average weekly wage was erroneous and mistaken. He found no evidence of intent or misrepresentation in the miscalculation of Hite's average weekly wage. Rather, lack of necessary wage information and failure to confirm Hite's pre-injury wages led to the mistaken average weekly wage calculation when Hite was unrepresented. Based on the evidence and Hite's testimony, the deputy granted the retroactive amendment of Hite's average weekly wage to the correct rate of $316.91, with a resulting minimum compensation rate of $260.75.

The Commission affirmed. It agreed a mistake had occurred, and it concluded that it had authority to remedy the mistake. It rejected the School Board's arguments that the modification should be barred by the statute of limitations, res judicata, estoppel, and doctrine of imposition. The School Board appeals.

## ANALYSIS

"Decisions of the [C]ommission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." *Advance Auto v. Craft*, 63 Va. App. 502, 520 (2014) (quoting *Starbucks Coffee Co. v. Shy*, 61 Va. App. 229, 238 (2012)). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the [C]ommission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." *Id.* (quoting *Amelia Sand Co. v. Ellyson*, 43 Va. App. 406, 408 (2004)). "Unless the [C]ommission misconstrues the statute, the determination of an employee's 'average weekly wage' constitutes a 'question of fact' deserving of deferential appellate review." *Thorpe v. Clary*, 57 Va. App. 617, 624 (2011). But the Commission's "legal determinations are not binding on appeal and will be reviewed de novo." *Shy*, 61 Va. App. at 238 (quoting *Wainwright v. Newport News Shipbuilding & Dry Dock Co.*, 50 Va. App. 421, 430 (2007)).

- 3 -

Under the Virginia Workers' Compensation Act (Act), awards of compensation benefits are based on the average weekly wage. *Dinwiddie Cnty. Sch. Bd. v. Cole*, 258 Va. 430, 432 (1999). The calculation of average weekly wage "approximate[s] the economic loss suffered by an employee . . . when there is a loss of earning capacity because of work-related injury." *Ellen Kay, Inc. v. Wigglesworth*, 34 Va. App. 390, 395 (2001) (quoting *Bosworth v. 7-Up Distrib. Co.*, 4 Va. App. 161, 163 (1987)). Payment of temporary total disability benefits "shall not exceed the average weekly wage of the injured employee." Code § 65.2-500. But the Commission has the implied power "to do full and complete justice in each case." *Harris v. Diamond Const. Co.*, 184 Va. 711, 720 (1946). And the Commission may review and modify awards based on a changed condition. *See* Code § 65.2-708(A) (providing authority for "increasing the compensation previously awarded").

The Commission has "the power and authority not only to make and enforce its awards, but to protect itself and its awards from fraud, imposition and *mistake*." *Harris*, 184 Va. at 720 (emphasis added). An "employee's average weekly wage, even after being agreed to by the parties and set forth in an award of the [C]ommission, is subject to modification upon the grounds of fraud, misrepresentation, *mistake* or imposition." *Mercy Tidewater Ambulance Serv. v. Carpenter*, 29 Va. App. 218, 226 (1999) (emphasis added). It is immaterial whether the mistake of fact is mutual or unilateral. *Collins v. Dep't of Alcoholic Bev. Control*, 21 Va. App. 671, 680 (1996).

For example, in *Collins*, the Commission reviewed its prior approval of a weekly-wage agreement that was based on mutual mistake. 21 Va. App. at 674. The claimant's actual average wage was less than what the parties had originally agreed. Finding a mutual mistake of fact, the Commission amended the average weekly wage to the lesser amount. *Id.* at 675. This Court

affirmed, holding that the "parties simply made a substantial *mistake* in computing claimant's average weekly wage necessary to determine claimant's award." *Id.* at 680.

The same is true here. The parties proceeded under the mistaken belief that the average weekly wage in the award agreement was correct, when, in fact, it was not. Although the School Board argues that no credible evidence supports the Commission's findings, the record provides ample support. Hite's evidence and testimony showed that her award should have been based on her salary and wage chart, but she mistakenly accepted the lower wage, due to a head injury and lack of an attorney at the time of the award agreement. And the School Board did not submit evidence challenging the mistake or validating the lower payment; instead, it agreed that the wage chart is accurate. Accordingly, evidence supported the Commission's finding of mistake.

The School Board's position that the statute of limitations bars correction of the parties' mistake is misguided. First, it is "well settled that an employee's average weekly wage, even after being agreed to by the parties and set forth in an award of the [C]ommission, is subject to modification upon the grounds of fraud, misrepresentation, mistake or imposition." *Carpenter*, 29 Va. App. at 226. Second, under Code § 65.2-708, a claim generally is timely if it is filed within 24 months after the last day compensation was paid. Here, compensation is ongoing, so Hite filed within the 24-month period.

Similarly, res judicata and collateral estoppel do not bar the Commission from modifying an award when there is clear evidence of fraud, mistake, or imposition.[5] *See Harris*, 184 Va. at 720 (holding that the Commission has the power to protect its awards from mistakes); *Carpenter*, 29 Va. App. at 226 (holding that a weekly wage may be modified when there has been a

---

[5] Res judicata generally "precludes the re-litigation of a claim or issue once a final determination on the merits has been reached." *Tyco Elecs. & Ins. Co. of Pa. v. Vanpelt*, 62 Va. App. 160, 171 (2013). And collateral estoppel generally precludes the same parties from re-litigating any issue of fact actually litigated and essential to a final judgment. *Cnty. of Henrico v. O'Neil*, 75 Va. App. 312, 322 (2022).

mistake).  Although principles of res judicata generally apply to workers' compensation cases, "when res judicata conflicts with other public policy considerations, we must balance application of the doctrine against those other considerations."  *Cnty. of Henrico v. O'Neil*, 75 Va. App. 312, 322 (2022).  The General Assembly enacted the Act for humanitarian purposes, so res judicata "should not be applied in a way that facilitates such inequitable results."  *Id.* at 323 (quoting *Craft*, 63 Va. App. at 519).  And the Act specifically authorizes the Commission to remedy its award orders when there is fraud, misrepresentation, mistake, or imposition.  *Harris*, 184 Va. at 720.  Here, Hite provided clear and convincing evidence of mistake, and thus, res judicata and collateral estoppel do not bar correction of the wage.  *See* Code § 65.2-708 (authorizing modification of an award based on a change in condition, including a mistake).

Similarly, the doctrine of imposition does not preclude Hite's award amendment.  The doctrine of imposition "empowers the [C]ommission in appropriate cases to render decisions based on justice shown by the total circumstances even though *no fraud, mistake or concealment has been shown*."  *Butler v. City of Va. Beach*, 22 Va. App. 601, 605 (1996) (emphasis added) (quoting *Odom v. Red Lobster # 235*, 20 Va. App. 228, 234 (1995)).  The doctrine "focuses on an employer's or the [C]ommission's use of superior knowledge of or experience with the Workers' Compensation Act or use of economic leverage, which results in an unjust deprivation to the employee of benefits warranted under the Act."  *Id.*  Under the facts here, the doctrine of imposition would not block Hite's award modification because Code § 65.2-708 authorized correction of the mistake and justice supports the correction.

CONCLUSION

Finding that the Commission did not err in amending Hite's weekly-wage award, the Commission's decision is affirmed.

*Affirmed.*